MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
STACEY N. KNOX (SBN 192966)
E-Mail: sknox@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff
Fabric Selection, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>LOUISE PARIS, LTD, a New York corporation; ROSS STORES, INC., a Delaware corporation; and DOES 1 through 10, Inclusive,<br><br>            Defendants. | Case No. 2:17-cv-05584<br><br>**COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT; AND (2) CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Fabric Selection, Inc. ("**Plaintiff**" or "**Fabric Selection**") hereby alleges as follows:

## PARTIES

1.      Plaintiff Fabric Selection is a California corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

2.      Plaintiff is informed and believes, and based thereon alleges, that defendant Louise Paris, LTD. ("**Louise**") is a corporation organized and existing under the laws of the State of New York, doing business nationwide, including in

574342.2

1

this judicial district.  Plaintiff is further informed and believes that Louise is a manufacturer, importer and/or wholesaler of apparel in the business of manufacturing and selling garments and apparel to retailers nationwide, including this judicial district.

3.  Plaintiff is informed and believes, and based thereon alleges, that defendant Ross Stores, Inc. ("**Ross**") is a corporation located in California, organized and existing under the laws of the State of Delaware, and doing business nationwide, including within this judicial district.  Plaintiff is further informed and believes that Ross operates retail stores and an on-line website in the business of selling garments, apparel, and other goods to consumers nationwide.

4.  Plaintiff is informed and believes, and based thereon alleges, that defendants DOES 1 through 10, inclusive, have infringed Plaintiff's Copyrights, have contributed to infringement of Plaintiff's Copyrights, and/or engaged in one or more of the wrongful practices alleged herein.  As to DOES 1 through 5, Plaintiff is informed and believes, and thereon alleges, that said DOES have the right and ability to supervise the relevant activities of Defendant Louise's operations and have a direct financial interest in such activities.  The true names of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

5.  Hereinafter defendants Louise, Ross, and DOES 1 through 10, inclusive, shall be referred to collectively as "**Defendants**."

## JURISDICTION AND VENUE

6.  This action arises under the Copyright Act of 1976, Title 17 U.S.C. §101 *et seq*.

7.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and §1338(a).

8.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## THE COPYRIGHTED DESIGN

9. Plaintiff Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as SE40564 (the "**Design**"). Attached hereto as Exhibit "1" is a true and correct copy of the Design.

10. On or about June 7, 2014, Fabric Selection obtained a Certificate of Registration for the Design from the United States Copyright Office, bearing registration number VAu 1-169-999. Attached hereto as Exhibit "2" is a true and correct copy of the Certificate of Registration for the Design (the "**Copyrighted Design**").

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

11. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 10 hereinabove, and incorporates them by reference as if fully set forth herein.

12. Within the last three years, Defendants have manufactured and/or sold fabric and/or garments upon which were unauthorized reproductions of the Copyrighted Design (the "**Infringing Goods**").

13. Defendants have licensed, manufactured, sold and/or offered for sale the Infringing Goods, in particular goods infringing Plaintiff's Copyrighted Design, to customers, including retailers and consumers, throughout the United States, including within this judicial district. Defendants have licensed, manufactured, imported, sold, advertised for sale and/or otherwise offered for sale the Infringing Goods to customers, including retailers and consumers, throughout the United States, including within this judicial district.

14. Attached hereto as Exhibit 3, collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of the Design; and (b) a close up of the design on said garment. For the Court's convenience, the following is a

side-by-side comparison of Plaintiff's Design and the design affixed to the subject garment:



| Design | Garment |

15. On or around July 12, 2017, Fabric Selection sent cease and desist letters to Louise and Ross, demanding that they immediately discontinue their unauthorized manufacture, sale and distribution of the Infringing Goods, and requesting that they provide certain information regarding their manufacture and sale of the Infringing Goods. Counsel for Louise responded to that cease and desist letter the following week, on July 20, 2017, indicating that Louise would "be in contact with you once we have had a chance to review this matter." However, rather than investigating the matter in order to comply with Plaintiff's cease and desist letter, in a transparent and improper attempt to forum shop, Louise filed a declaratory relief action in New York the very next week.

16. By Defendants' intentional and willful unauthorized licensing, importing, advertising, manufacturing, offering for sale and/or sale of the Infringing Goods, Defendants have infringed on Plaintiff's Copyright in the Design.

17. Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

18. Defendants' intentional and willful infringing activities have continued and will continue to the detriment of Plaintiff, and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods.

19. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

20. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Design. Pursuant to the Copyright Act, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Design in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) for each violation, payable jointly and severally by each Defendant, in the full amount. In the event that any of the Doe Defendants are additional retailers, Plaintiff is entitled to, and will seek, a separate award of maximum statutory damages as to each such additional Defendant's infringement (for which defendant Louise will be jointly and severally liable).

## SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement – Against All Defendants)

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 hereinabove, and incorporates them by reference as if fully set forth herein.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, willfully and knowingly induced, participated in, aided in, and profited from the illegal reproduction of Plaintiff's Designs and/or subsequent sale of the Infringing Goods, as alleged above.

24. By Defendants' unauthorized duplication of the Design, and by their offering and accepting for sale and sale of the Infringing Goods, Defendants, and each of them, have infringed Plaintiff's Copyrights in the Design.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate.

26. By reason of the Defendants' acts of contributory copyright infringement as alleged herein, Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

27. Defendants' infringing activities have continued and will continue to the detriment of Plaintiff and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods and designs.

28. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

29. Due to Defendants' acts of contributory copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have

realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Design in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) for each violation, payable jointly and severally by each Defendant, in the full amount. In the event that any of the Doe Defendants are additional retailers, Plaintiff is entitled to, and will seek, a separate award of maximum statutory damages as to each such additional Defendant's infringement (for which defendant Louise will be jointly and severally liable).

## PRAYER

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Designs for any purpose, including but not limited to, use of the Design in attempting to sell and/or selling garments.

2. For an order requiring the recall and destruction of all garments infringing upon the Design.

3. Actual damages, plus Defendants' profits attributable to Defendants' infringement of the Design and/or contributory infringement of the Design, in an amount subject to proof at trial; or, if elected, the maximum statutory damages as available under the Copyright Act.

4. For attorneys' fees where allowed by law.

5. For such further and other relief as the Court deems just and proper.

Dated:  July 27, 2017                    RESCH POLSTER & BERGER LLP


By: _____/S/ Michael C. Baum_____
MICHAEL C. BAUM
Attorneys for Plaintiff
Fabric Selection, Inc.

574342.2

8

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated: July 27, 2017         RESCH POLSTER & BERGER LLP


By: _____*/S/ Michael C. Baum*_____
MICHAEL C. BAUM
Attorneys for Plaintiff
Fabric Selection, Inc.